

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2002

# USA v. Morel

Precedential or Non-Precedential:

Docket 0-2039

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Morel" (2002). *2002 Decisions.* Paper 173.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/173

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-2039
_____

UNITED STATES OF AMERICA

v.

ELIAZA MOREL, a/k/a TONY
Eliaza Morel, Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Crim. No. 99-cr-00486          )
District Judge: Honorable William G. Bassler

_____

Submitted Under Third Circuit LAR 34.1(a)
March 7, 2002
Before: BECKER, Chief Judge, ALITO and RENDELL,
Circuit Judges.

(Filed:  March 14, 2002)
_____

OPINION
_____

BECKER, Chief Judge.
This is an appeal by Eliaza Morel from a judgment of the District Court pursuant
to a bargained-for guilty plea.  The appeal is grounded upon Morel's objection to the
failure of the District Court to make two downward departures: (1) because of his alleged
willingness to be deported; and (2) because his criminal history category over-represented
his criminal history.  Because the parties are fully familiar with the background facts and
procedural history we need not set them forth, and limit our discussion to our ratio
decidendi.  For the reasons that follow we will affirm.
First, we need not reach the departure issues because Morel was subject to a
statutory mandatory minimum sentence of 60 months' imprisonment and he received a
60-month sentence.  Hence he was not entitled to any downward departure.
Second, and at all events, the District Court did not abuse its discretion when it

found that it lacked the authority to depart downward based upon defendant's agreement not to contest deportation. Morel had to meet two requirements for such a departure that he had a nonfrivolous defense to deportation and that the government requested a departure see United States v. Marin-Castaneda, 134 F.3d 551, 555 (3d Cir. 1998), and he met neither. Moreover, the District Court did not plainly err (this issue was not raised in the District Court) when it did not sua sponte depart downward based upon defendant's status as an alien, for Morel did not demonstrate that under the Bureau of Prison's Regulations (even assuming that this states a valid ground for deportation, a point in dispute), he would be subject to a substantially different sentence from someone who is not an alien.

Finally, we lack jurisdiction over Morel's argument that his criminal history category overstated his criminal history. The District Court found that that defendant's criminal history category did not significantly overstate defendant's criminal history. The District Court recognized that it could depart either because the criminal history category over-represented the seriousness of defendant's criminal history or because it overstated the likelihood that defendant would commit further crimes. The Court, after reviewing the career offender guideline, decided not to depart:

> Based upon the facts set forth in the presentence report, it's my conclusion that the downward departure is not justified. The defendant's criminal history category does not significantly over-represent the seriousness of his past conduct and future threat to society.

We thus lack jurisdiction over this claim because the District Court neither misunderstood nor misapplied the law in evaluating defendant's downward departure request for overstatement of criminal history. See United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996); United States v. Denardi, 892 F.2d 269, 272 (3d Cir. 1989); see also United States v. Jarrett, 133 F.3d 519, 535 (7th Cir. 1998) (holding that where the court was aware of its authority to depart downward pursuant to section 4A1.3 where criminal history category over-represented the criminal history but chose not to do so, the

Court of Appeals lacked jurisdiction over the claim).  The judgment of the District Court
will be affirmed.

_____

TO THE CLERK:

Please file the foregoing Opinion.

BY THE COURT:

/s/   Edward R. Becker
Chief Judge